IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LARRY GENE POWELL, #27650-077,　)
　　　Petitioner,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　　　3:07-CV-1974-P
　　　　　　　　　　　　　　　　　)
UNITED STATES OF AMERICA.　　　　)

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for writ of habeas corpus filed by a federal prisoner pursuant to 28 U.S.C. § 2241.

Parties: Petitioner is an inmate in the federal prison system. He is presently confined at the United States Penitentiary (USP) in Coleman, Florida. The court did not issue process in this case, pending preliminary screening.

Statement of the Case: Petitioner is presently confined for two convictions:

(1) use of interstate commerce facilities in connection with a murder for hire in violation of 18 U.S.C. § 1958, for which he was sentenced to 120 months imprisonment and a three-year term of supervised release, *see United States v. Powell*, 3:98cr0242-R (N.D. Tex., Dallas Div. 1999), *appeal dismissed as frivolous*, No. 99-10407 (5th Cir. 2000); and

(2) revocation of a supervised-release term stemming from his conviction for bank, social security and credit card fraud in No. 3:95cr1814-R, for which he was sentenced to thirty six

months imprisonment to run consecutive to his sentence in No. 3:98cr242-R, *see United States v. Powell*, 3:95cr184-R (N.D. Tex., Dallas Div., 1999), *affirmed*, No. 99-10393 (5th Cir. 2000).

Petitioner unsuccessfully sought post-conviction relief under 28 U.S.C. § 2255 in both cases. The court transferred his last § 2255 motion in No. 3:95cr184-R to the Fifth Circuit Court of Appeals as second or successive. *See United States v. Powell*, No. 3:00cv1581-R (N.D. Tex., Dallas Div., 2000). The Circuit thereafter denied him leave to file a successive § 2255 motion. *See In re Powell*, No. 00-11148 (5th Cir. 2000). With respect to No. 3:98cr242, the court previously denied a § 2255 motion as time barred. *See United States v. Powell*, No. 3:04cv2607-R (N.D. Tex., Dallas Div., 2005), *certificate of appealability denied*, No. 05-10569 (5th Cir. 2006).

In the present § 2241 petition, Petitioner again seeks to challenge his underlying conviction and sentence in No. 3:98cr242, and the supervised release sentence in No. 3:95cr184-R. With respect to No. 3:98cr242, he alleges that he is factually and actually innocent, the court lacked jurisdiction, the term of imprisonment is unconstitutional, the three-year term of supervised release is unlawful, and the court and prosecutors denied his equal protection rights (grounds 1-4 and 8). Petitioner further alleges that the 36-month sentence for the supervised release violation in No. 3:95cr184-R should run concurrent, not consecutive, to the sentence in No. 3:98cr242 (ground six). Lastly, he raises a time credit claim under 18 U.S.C. § 3624(b) (ground 7).

<u>Findings and Conclusions</u>: Although Petitioner denominates his current petition as one for relief under 28 U.S.C. § 2241 (*see* Petition (Pet.) at 1), the pleadings clearly seek to attack the validity of his federal convictions and, thus, the legality of the sentence that he is currently

2

serving. A collateral attack on a federal criminal conviction is generally limited to a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); *Cox v. Warden, Fed. Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 habeas petition is properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Tolliver*, 211 F.3d at 877-88. Habeas relief under § 2241 may be appropriate only when the remedy provided under § 2255 is "inadequate or ineffective," the so-called "savings clause." *Jeffers*, 253 F.3d at 830.[1] "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Id.*

Insofar as Petitioner seeks relief under § 2241 via the savings clause of § 2255(e) (grounds 1-6), the court lacks jurisdiction to determine whether the claims are properly brought under § 2241. Petitioner is currently incarcerated at USP Coleman II in Coleman, Florida. "Only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255." *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999) (same).

---

[1] The savings clause of § 2255(e) states as follows:
An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*.
(Emphasis added).

Even if the § 2241 petition were liberally construed as a motion to vacate under 28 U.S.C. § 2255, this court would likewise lack jurisdiction to adjudicate the claims. Petitioner filed at least one previous § 2255 motion with respect to each of his convictions, and has not obtained prior authorization from the Fifth Circuit Court of Appeals to file a successive motion under § 2255. *See United States v. Key*, 205 F.3d 773, 774-75 (5th Cir. 2000) (district court lacked jurisdiction to consider § 2255 motion unless leave to file the same is granted by the Court of Appeals for the Fifth Circuit); *Hooker,* 187 F.3d at 682; *see also Alvarez v. United States*, 168 Fed. Appx. 648, 649 (5th Cir. 2006) (unpublished per curiam) (affirming dismissal for want of jurisdiction of § 2241 petition because petition was not filed in the district of incarceration, and district court lacked jurisdiction to construe petition as a § 2255 motion because petitioner had not received prior authorization from the Fifth Circuit to file a successive § 2255 motion); 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A).[2]

Petitioner properly brought his time-credit claim (ground seven) in a habeas corpus petition under § 2241. *Braden v. 30th Judicial Cir. Ct. of Kentucky,* 410 U.S. 484, 494-95 (1973)( the proper method for challenging the execution of a sentence is through a habeas corpus petition under 28 U.S.C. § 2241); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). However, to entertain a § 2241 habeas petition, a court must have jurisdiction over the prisoner or his custodian upon filing of the petition. *Lee v. Wetzel*, 244 F.3d 370, 373-74 and f.n. 3 (5th Cir. 2001); *United States v. Gabor*, 905 F.2d 76, 77 (5th Cir. 1990); *Blau v. United States*, 566 F.2d 526, 527-28 (5th Cir. 1978).

---

[2] A search of the Fifth Circuit website does not reflect that Powell has recently filed for leave to file a successive § 2255 motion in either of his cases.

As noted above, Petitioner is presently incarcerated in Coleman, Florida. It, thus, appears that his time credit claim must be filed in the federal district court where he is confined. Therefore, the court should dismiss ground seven for want of jurisdiction. *See Lee*, 244 F.3d at 374-75, *Blau*, 566 F.2d at 527.

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be DISMISSED for want of jurisdiction.

The Clerk will mail a copy of this recommendation to Petitioner.

Signed this 6th day of May, 2008.

                                              WM. F. SANDERSON, JR.
                                              UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.